IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN HAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF CAMDEN,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-1018 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Gregg L. Zeff, Esq.
LAW FIRM OF GREFF L. ZEFF
100 Century Parkway, Suite 305
Mt. Laurel, N.J. 08054
 Attorney for Plaintiff

John C. Eastlack, Jr., Esq
Wesley L. Fenza, Esq.
WEIR & PARTNERS LLP
The Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, N.J. 08002
 Attorney for Defendant

**SIMANDLE, Chief Judge:**

I. **INTRODUCTION**

  This matter comes before the Court on Defendant City of Camden's (hereinafter, "Defendant") motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Item 5.] In this employment action, Plaintiff Kevin Hailey (hereinafter, "Plaintiff"), formerly a Deputy Chief in Camden's Fire Department, generally asserts that Defendant, his former employer, denied Plaintiff compensation

for otherwise compensable "comp" time in breach of a November 2000 memorandum providing for such payment (hereinafter, the "memo"), and in retaliation for Plaintiff's participation in Hailey v. City of Camden, Civil Nos. 01-3967 (JBS), 06-5897 (JBS), earlier discrimination actions against Defendant. Defendant moves to dismiss Plaintiff's Complaint primarily on the grounds that the settlement agreement executed by Plaintiff and entered by the Court on November 4, 2009 in the prior actions precludes relitigation of the claims asserted in this litigation.

The principal issue before the Court is the effect, if any, of the settlement agreement and release on the viability of the breach of contract, unjust enrichment, and retaliation claims asserted in this action.  For the reasons explained below, the Court will grant Defendant's motion to dismiss the retaliation claim with prejudice, and will dismiss the breach of contract and unjust enrichment claims without prejudice to amend.

## II.   BACKGROUND

### A. Background of Instant Action

The facts set forth below are those alleged in the Complaint, which the Court accepts as true for the purposes of the pending motion.[1]  From April 2002 to June 2010, Defendant

---

[1] Plaintiff filed the initial complaint in this action on February 18, 2014.  [Docket Item 1.]

employed Plaintiff as a Deputy Fire Chief.  (Compl. at ¶ 3.)  On
November 1, 2000, then-acting Chief Joseph A. Marini issued a
memo requiring that "all deputy chiefs" provide certain "duty"
coverage "after normal business hours [on] night[s], weekends
and holidays" (hereinafter, "duty coverage").  (Id. at ¶ 4.)  In
exchange for such service, the duty coverage policy provided
that chiefs and deputy chiefs would be awarded 20 days, or 160
hours, of comp time.  (Id. at ¶ 5.) In reliance on such policy,
Plaintiff provided duty coverage, submitted annual time sheets
reflecting the "accrual of 20 days of comp time[,]" and used
certain comp time accrued thereunder.  (Id. at ¶¶ 6-10.)

In March 2009, Defendant "unilaterally rescinded" the "20
days of comp time" policy, but Plaintiff nonetheless continued
to provide duty coverage from 2009 to his retirement in June
2010.  (Id. at ¶¶ 11-12.)  Plaintiff was aware of the rescission
of the leave policy when he settled the two cases and entered
into a settlement agreement with the City of Camden in October,
2009, as discussed below. Following Plaintiff's retirement,
however, he "learned for the first time" that Defendant expected
reimbursement "for eight to nine years" of comp time accrued by
Plaintiff for duty coverage.  (Id. at ¶ 13.)  In so demanding,
Plaintiff alleges that Defendant breached its duty coverage
"contract" with Plaintiff, and further asserts that Defendant
has retained an unjust financial benefit by failing to

3

compensate Plaintiff for "several years[] worth of" comp time service.  (Id. at ¶¶ 20-25.)  Plaintiff also alleges that Defendant, in determining comp time payments, treated Plaintiff "less favorably than" other deputy chiefs in retaliation for Plaintiff's prior discrimination litigation, and in violation of 42 U.S.C. § 1983.  (Id. at ¶¶ 15, 26-28.)

**B. Parties' Arguments**

Defendant moves for the dismissal of Plaintiff's complaint on two (2) grounds.  Defendant first asserts that one paragraph of Plaintiff's twenty-eight paragraph Complaint lacks the requisite specificity, because Plaintiff seeks benefit payments in the aggregate amount of $131,839.03, but fails to set forth facts concerning the accrual of, and Plaintiff's entitlement to, such benefits.[2]  (Def.'s Br. at 3-4.)  Defendant also argues that

---

[2] Because, for the reasons stated below, the Court will dismiss Plaintiff's Complaint in its entirety, the Court need not belabor Defendant's assertion concerning the sufficiency of paragraph 18 of Plaintiff's pleading. The Court notes, however, that Defendant argues that paragraph 18 of Plaintiff's "Facts" section must be stricken because the allegations set forth therein fail to "contain the elements of a claim." (Def.'s Br. at 5.)  Plaintiff retorts that paragraph 18 constitutes a critical "recital of the damages due to" Plaintiff, and that one single allegation need not "set forth the elements of a claim." (Pl.'s Br. at 3.)  Paragraph 18 specifically states that, "Plaintiff has also been denied payment for sick time, severance pay, and four months of college credit: 1.1% severance pay (for 14.75 years, totaling $24,410.28); 9 forced sick days at $727.30 per day, totaling $6,545.70; 1 sick day at half the daily rate of $727.30, totaling $363.65; $450 worth of college credits; totaling $131,839.03 including the comp time." (Compl. at ¶ 18.)  The Court agrees that each paragraph of the introductory

the settlement agreement executed in Hailey v. City of Camden,

Civil Nos. 01-3967 (JBS), 06-5897 (JBS), precludes Plaintiff

from pursuing breach of contract, unjust enrichment, and

retaliation claims in this litigation.  (Id. at 5-6.)  Plaintiff

specifically asserts that, in connection with the settlement,

Plaintiff expressly released Defendant "'from any and all [then-

existing] rights or claims'" arising out of Plaintiff's

employment with Defendant, including "'common law'" and 42

U.S.C. § 1981 claims.  (Id. at 6.)  Defendant therefore argues

that the doctrine of res judicata bars relitigation of these

settled claims.  (Id. at 7.)

        Moreover, though Defendant recognizes that the settlement

agreement preserved Plaintiff's "right to 'challenge the

calculation or claimed entitlement to any different calculation

of accrued sick, vacation, personal or compensatory/other

accrued time[,]'" Defendant argues that Plaintiff's claims in

this litigation far exceed the benefit calculation "scope of

_____

fact section need not recite the elements of a claim,
particularly because paragraph 18 clearly monetizes in part the
relief sought by Plaintiff.  However, the Court need not address
the sufficiency of such allegation at this time.  As explained
below, Plaintiff is precluded from seeking retirement-related
benefits other than preserving his right to challenge the
State's calculation of his audited time (i.e., "sick, vacation,
personal or compensatory/other accrued time").  Settlement
Agreement and General Release, Hailey v. City of Camden, Civil
Nos. 01-3967 & 06-5897 (Docket Items 197 & 65, filed Nov. 4,
2009.)  As to the specificity required to plead such claims, see
Part IV.A.2, below.

such exception." (Id.)  Rather, Defendant contends that
Plaintiff's claims in this action "flagrantly" contravene the
settlement agreement.  (Id. at 7-8.)

Plaintiff concedes the relation of this action to the prior
discrimination litigation, and further acknowledges the
preclusive bar agreed to by Plaintiff in connection with the
settlement of that litigation.  (Pl.'s Opp'n at 2.)  Plaintiff
argues, however, that this action arises under an exception to
the settlement agreement, because this action "seeks recovery"
of Plaintiff's "wrongfully withheld sick, vacation" and accrued
comp time.  (Id.)  Plaintiff therefore asserts that the
settlement agreement and release have no preclusive effect on
the viability of Plaintiff's claims in this litigation.  (Id.)
Rather, Plaintiff argues that the parties' settlement agreement,
as reflected in the release, "fully anticipated and carved out"
the claims asserted in this litigation.  (Id.)

## C. Background of Prior Proceedings

Because the relation of this action to the prior
discrimination actions bears on the issue of res judicata, the
Court shall set forth certain salient details concerning that
action. On August 20, 2001, Kevin Hailey and Terrence Crowder,
two former Deputy Fire Chiefs for the City of Camden, brought
suit against the City of Camden, and former Fire Chiefs Herbert
Leary and Joseph A. Marini (hereinafter, the "discrimination

6

action"). <u>See</u> <u>Hailey v. City of Camden</u>, 631 F. Supp. 2d 528, 531 (D.N.J. 2009). In their complaint, plaintiffs asserted racial discrimination, retaliation, and hostile work environment claims in violation of 42 U.S.C. §§ 1981, 1983 and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49 (hereinafter, "NJLAD"). <u>Id.</u>

On December 11, 2006, plaintiff initiated a second action against the City of Camden and then-Fire Chief Joseph A. Marini, alleging that defendants retaliated against plaintiffs as a result of their participation in the earlier discrimination action, in violation of 42 U.S.C. § 1983, the NJLAD, and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -13. <u>Hailey</u>, Civil No. 06-5897 (Docket Item 1, entered Dec. 11, 2006).

On September 14, 2009, the parties advised the Court of a pending settlement, and the Court accordingly dismissed both actions without prejudice. <u>Hailey</u>, Civil Nos. 01-3967 & 06-5897 (Docket Items 195 & 64, filed Sept. 14, 2009). Thereafter, the Court entered a Consent Order for Judgment on November 4, 2009, requiring the settlement agreement and general release "as reached between the parties to be performed," but retaining jurisdiction over the litigation pending completion of "the acts" required by the agreement. <u>Hailey</u>, Civil Nos. 01-3967 & 06-5897 (Docket Items 198 & 66, entered Nov. 4, 2009).

7

In connection with the settlement agreement, the City of Camden agreed to pay plaintiffs the aggregate sum of $1,150,000 in full satisfaction of all claims. (Def.'s Br. & Ex. A.)  In consideration of this payment, Kevin Hailey and Terrence Crowder released and discharged the City of Camden

> from any and all rights or claims that Plaintiffs may have arising out of their employment with the City of Camden or the City of Camden Fire Department and for any and all other reasons, including, but not limited to claims of employment discrimination or harassment with regards to any alleged protected category, status or class, including but not limited to, age, sex, religion, disability, or national origin, breach of contract, wrongful resignation/termination, retaliation, hostile work environment, wrongful discharge, intentional and/or negligent infliction of emotional distress, defamation, libel, slander, personal injury, lost wages, attorney's fees and costs, and any other economic and/or noneconomic damages whatsoever. [Kevin Hailey and Terrence Crowder] specifically waive any rights that they may have under 42 U.S.C. §[§] 1981, 1983, 1985, 1988, the Age Discrimination and Employment Act, New Jersey Law Against Discrimination, Conscientious Employee Protection Act, Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Equal Pay Act, the Family and Medical Leave Act, New Jersey Family Leave Act, the Older Workers Benefits Protection Act, Fair Labor Standards Act, National Labor Relations Act, Occupational Safety and Health Act, the New Jersey and/or United States Constitutions, the Employee Retirement Income Security Act or any other federal, state or local [l]aw or ordinances or collective bargaining agreement and any common law claims under tort, contract or any other theories now or hereafter recognized as well as any claims under any Camden City or Camden City Fire Department policy, by-law, handbook, and/or plan. Except as specifically provided for in this Settlement Agreement and Release, [Kevin Hailey and Terrence Crowder] agree that they have received all other compensation and benefits due and owing, and [that they] have no further claim in

> any way related to compensation or benefits or
> attorney's fees and costs except as referred to below
> in this Settlement Agreement.  Except as otherwise
> provided herein, this releases all claims, including
> those which [Kevin Hailey and Terrence Crowder] are
> not aware of and those not mentioned in this
> Settlement Agreement and Release.  This includes all
> claims resulting from anything which has happened up
> to the complete execution of all documents related to
> the matters set forth herein.

(Id. (emphases added).)  A broader release of employment claims
could scarcely be imagined, resolving, as it did, eight years of
litigation and requiring Hailey's retirement.  Notwithstanding
the breadth of the release, the agreement noted an unresolved
issue with respect to the State of New Jersey's calculation of
plaintiffs' retirement benefits and therefore preserved any
"challenge" to the calculation "of accrued sick, vacation,
personal or compensatory/other accrued time" (hereinafter, the
"calculation exception").  (Id. at ¶ 7(c).)  Plaintiff relies
upon the "calculation exception" as the basis for permitting his
present claims to go forward notwithstanding the 2009 release.

**III. STANDARD OF REVIEW**

The affirmative defense of res judicata may be raised in
connection with a Rule 12(b)(6) motion to dismiss.  Rycoline
Prod. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).
It is axiomatic, however, that the Court may not consider
"matters extraneous to the pleadings" in evaluating such motion.
In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426
(3d Cir. 1997).  Rather, the Court may only consider matters of

public record, documents "'integral to or explicitly relied upon in the complaint,'" or an "'undisputedly authentic document'" if such document forms the predicate for the complaint. In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (citations and emphases omitted); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

Here, neither party addresses the documents on which the Court may properly take notice in resolving the pending motion. The Court, however, briefly pauses to address the issue, and notes that Plaintiff's Complaint, the publicly available settlement agreement from the prior suits,[3] and the final judgment from those actions, constitute the only documents necessary for the resolution of the pending motion. The latter documents are indisputably authentic matters of public record, and are thus readily cognizable at this stage. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); Johnson v. N.Y.C., 347 F. App'x 850, 851 (3d Cir. 2009) (affirming dismissal on res judicata grounds and noting "a res judicata defense may be raised in a motion to

---

[3] The settlement agreement appears on the public dockets in Hailey, Civil Nos. 01-3967 & 06-5897 (Docket Items 197 & 65, entered Nov. 4, 2009).

10

dismiss when the defense is apparent on a review of court records of which a court can take notice" (citing <u>Day v. Moscow</u>, 955 F.2d 807, 811 (2d Cir. 1992))). In addition, Plaintiff, in his Complaint, explicitly references prior litigation in connection with Plaintiff's retaliation claim. (Compl. at ¶¶ 27-28.) Consequently, because the Court may appropriately take notice of the documents necessary to resolve the effect, if any, of <u>res judicata</u> on this action, the Court turns to this inquiry.

## IV. DISCUSSION

### A. Claim Preclusion Through Settlement Agreement and Order

Defendant argues that res judicata bars Plaintiff's claims because the "judicially approved" settlement agreement reached in the prior actions constitutes a "judgment on the merits for purposes of claim preclusion[,]" and because the present action involves claims that the parties "previously litigated" or could have litigated in connection with the prior litigation. (Def.'s Br. at 6.) Plaintiff, relying upon the calculation exception, vaguely counters that <u>res judicata</u> "cannot apply to a matter that has never been litigated nor agreed to in a release."[4] (Pl.'s Opp'n at 2.)

---

[4] The settlement agreement contains additional exceptions, particularly with respect to employment disputes by and between defendants and plaintiff Terrence Crowder. (Ex. A.) Because the parties do not rely upon the other exceptions delineated in the settlement agreement, the Court need not consider the impact of such exceptions, if any, on the viability of Plaintiff's claims.

Claim preclusion—the form of res judicata applicable in this instance—prevents claims between the same parties from being litigated anew subsequent to the entry of final judgment in the prior lawsuit.[5]  See Duhaney v. Att'y Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010).  The application of claim preclusion therefore endeavors to "relieve parties of the cost and vexation of multiple lawsuits, [to] conserve judicial resources, and, by preventing inconsistent decisions, [to] encourage reliance on adjudication."  Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Gage v. Warrant Twp. Comm. & Planning Bd. Members, 463 F. App'x 68, 72 (3d Cir. 2012) ("The doctrine of claim preclusion is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes,' and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions.").  To establish claim preclusion, the defendant must demonstrate that there has been "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit

---

[5] Claim preclusion and issue preclusion comprise "'two different applications of the doctrine of res judicata.'"  Toscano v. Conn. Gen. Life Ins., 288 F. App'x 36, 38 n.2 (3d Cir. 2008) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 961 n.1 (3d Cir. 1991)).  Settlement agreements, however, as here, implicate "claim preclusion, not issue preclusion."  Id.

based on the same cause of action.'"  Duhaney, 621 F.3d at 347

(quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)).  In

the event the party makes the requisite showing, the preclusion

"'bars not only claims that were brought in a previous action,"

but also those claims that could have been litigated in the

earlier suit.  Marmon Coal Co. v. Director, Office of Workers'

Comp., 726 F.3d 387, 395 (3d Cir. 2013) (quoting Duhaney, 621

F.3d at 347).

        Although "most frequently applied to final judgments issued

by courts," the Third Circuit has endorsed the application of

claim preclusion, in "'modified form[,]'" to a settlement that

"'triggers a dismissal and a defendant's consequent discharge.'"

Toscano, 288 F. App'x at 38 (quoting Norfolk S. Corp. v.

Chevron, U.S.A., Inc., 371 F.3d 1285, 1291 (11th Cir. 2004)

(citation omitted)) (citation omitted).  Consequently, where the

parties consent to dismissal under Rule 41 on the basis of a

settlement agreement, the "express terms of the settlement

agreement," rather than the order of dismissal and judgment,

"determine the bounds of preclusion after a settlement."  Id.

(citation omitted).  This "'modified'" form of claim preclusion

accordingly construes judicially approved settlement agreements

as "final judgments on the merits for the purposes of claim

preclusion."  Id. (citation omitted); see also Charbonneau v.

13

<u>Chartis Prop. Cas. Co.</u>, No. 13-4323, 2014 WL 1259567, at *4
(E.D. Pa. Mar. 26, 2014) (citing <u>Toscano</u> for the same concept).

     The parties do not dispute that the prior settlement
agreement—expressly incorporated into the November 4, 2009
Consent Order for Judgment—constitutes a final judgment on the
merits involving identical parties, and arising out of the same
nucleus of operative fact, namely, Defendant's allegedly
discriminatory and retaliatory employment practices. <u>See also</u>
<u>Toscano</u>, 288 F. App'x at 38.  Nor do the parties dispute that
the prior settlement agreement precludes Plaintiff from
relitigating certain claims—indeed, Plaintiff concedes that the
agreement results in such effect.  (Pl.'s Opp'n at 2.)  Rather,
the parties solely dispute the scope of such preclusion and, in
particular, argue over whether Plaintiff's claims in this action
fall within the calculation exception of the parties' settlement
agreement.

**1.  Claim Preclusion Bars Plaintiff's Retaliation Claim under
     42 U.S.C. § 1981**

     The settlement agreement executed by the parties
unequivocally releases Defendant from "any and all rights or
claims" arising out of Plaintiff's employment that "may have"
existed as of October 2009, including, claims of retaliation,
breach of contract, and/or claims for "any other economic and/or
non-economic" damages, whether arising under state or federal

14

law.  (Ex. A.)  Indeed, Plaintiff expressly released all claims arising under 42 U.S.C. § 1981, and further agreed that, as of that time, he had "received all other [] compensation and benefits due and owing," and that no further claim for such payments remained.  (Id.)

Despite this preclusion, Plaintiff's new Complaint squarely states a 42 U.S.C. § 1981 claim predicated upon Defendant's alleged retaliation against Plaintiff for his "previously filed" discrimination suits against Defendant.  (Compl. at ¶¶ 26-28.) In so alleging, Plaintiff does not rely upon events subsequent to the execution of the settlement agreement.  Nor does Plaintiff assert in opposition to the pending motion that the calculation exception exempts such claim from the preclusive effects of the settlement agreement.  Rather, Plaintiff reasserts the facts and circumstances underpinning the parties' settlement agreement, and concedes that the only unresolved issue in the wake of the parties' settlement agreement concerns pension calculations regarding accrued time.  (Pl.'s Opp'n at 2-3.)  Despite that concession, Plaintiff's Complaint in this instance attempts to revive a retaliation claim that the parties' settlement agreement clearly retired and for which Plaintiff received consideration in the 2009 settlement.  (See Ex. A at 3 ¶ 6 ("specifically" waiving "any rights that

[Plaintiff] may have under 42 U.S.C. §[§] 1981, 1983, 1985, 1988").)

     Nor, in accordance with the calculation exception, could the Court conclude that the retaliation claim, even under the most favorable construction, actually concerns the calculation of, or entitlement to, accrued sick, vacation, personal or compensatory/other accrued time.  Indeed, the claim sets forth no such allegations, nor any other indication (temporal or otherwise) that the claim concerns conduct other than that clearly subsumed by the parties' settlement agreement. (Compl. at ¶¶ 26-28.)  The calculation exception was a limited carve-out to challenge only the State's calculation of accrued benefits, as that dispute existed; but the settlement agreement nowhere preserved Plaintiff's right to assert that the State's calculations were a form of retaliation from Plaintiff's lawsuits, since such claims of retaliation were released when Plaintiff agreed to, and received payment on, a substantial settlement that also required his retirement and relinquishment of the right to seek re-employment.  Asserting in this case that these calculations of retirement-related accrued benefits are not just incorrect, but are the product of retaliation, breaches Plaintiff's agreement to resolve his claims and to retire while disputing only the amount of the calculation.  The Court therefore concludes that the applicable provisions of the

16

settlement agreement bar Plaintiff's retaliation claim.  The
Court therefore grants Defendant's motion with respect to such
claim, and will dismiss the retaliation claim with prejudice.

### 2.   Claim Preclusion Bars Plaintiff's Breach of Contract and Unjust Enrichment Claims as Presently Stated

The settlement agreement executed by the parties recognizes
Plaintiff's entitlement to an "appropriate retirement benefit"
and notes that Plaintiff disputes the State of New Jersey's
calculation of such benefit.  (Ex. A at 4 ¶ 7(c).)  Though the
agreement recognizes Plaintiff's entitlement to certain
retirement benefits, however, the agreement only preserves
Plaintiff's right to challenge the calculation of such benefits
"or [to] claim[] entitlement to any different calculation of
accrued sick, vacation, personal or compensatory/other accrued
time." (Id.)  Moreover, beyond this narrow exception, Plaintiff
otherwise agreed that he had "received all other compensation
and benefits due and owing," and that no additional claims
remained concerning any outstanding "compensation or benefits"
as of the execution of the agreement in October 2009. (Id. at 3
¶ 6.)

Plaintiff now argues in opposition to the pending motion
that his breach of contract and unjust enrichment claims fall
within the ambit of the calculation exception, because such
claims seek recovery of Plaintiff's "wrongfully withheld sick,

vacation and other accrued time[.]" (Pl.'s Opp'n at 2.) Plaintiff's claims, as described in his new Complaint, however, contain no reference to the "calculation or claimed entitlement to any different calculation" of Plaintiff's "accrued sick, vacation, personal or compensatory/other accrued time." (Ex. A. at 4 ¶ 7(c).) Nor do Plaintiff's claims rely upon events that have arisen subsequent to the parties' execution of the settlement agreement. Rather, Plaintiff's claims seek additional payment for Plaintiff's comp time service, but mount no challenge to any specific benefit calculation, nor state an entitlement to any divergent calculation method. (See generally Compl. at ¶¶ 20-25.) Plaintiff instead asserts a right to compensation arising out of conduct expressly enveloped by, and predating, the parties' execution of the settlement agreement. (Id.)

Such diffuse allegations, however, are far in excess of the limited calculation exception. Consequently, though the settlement agreement expressly preserved the right to make a claim concerning benefit calculations, Plaintiff's breach of contract and unjust enrichment claims, in their present form, compel only the conclusion that Plaintiff seeks relief extinguished by the parties' settlement agreement. (See Ex. A at 3 ¶¶ 6, 7(c) (specifically waiving "all claims resulting from

anything that has happened up to" October 2009, other than
claims solely related to the <u>calculation</u> of certain benefits).)

The Court accordingly finds these contract and unjust
enrichment claims barred to the extent Plaintiff purports to
challenge more than the State's computation of Plaintiff's
accrued sick, vacation, personal, or compensatory time.  The
present Complaint fails to state the essential elements of what
the challenged calculation is, why the calculation is incorrect,
how the calculation breaches a cognizable contract or quasi-
contract, and the basis for Plaintiff's damages claim for his
alleged accrued sick, vacation, personal or compensatory time.
The Court is mindful, however, of Plaintiff's position that his
pending claims attempt to resolve, albeit inartfully, the claims
expressly reserved by the calculation exception.  (Pl.'s Opp'n
at 2-3.)  The Court also notes that Defendant does not dispute
that the settlement agreement provides Plaintiff the right to
assert such claims when narrowly construed.  (Def.'s Br. at 5-
8.)  Therefore, it is plausible that Plaintiff, by amendment,
will be able to assert a claim for breach of contract and/or for
breach of quasi-contract in the nature of unjust enrichment
regarding Defendant's calculation of his alleged accrued time
benefits.[6]  Consequently, the Court will dismiss Plaintiff's

---

[6] Neither party has briefed the elements of a claim for breach of
employment contract in the public employee context under New

breach of contract and unjust enrichment claims without prejudice, and with leave to file an Amended Complaint consistent with this Opinion.

**V.   CONCLUSION**

In sum, the Court concludes that Plaintiff's Complaint must be dismissed in its entirety, and will grant Defendant's motion to dismiss.  Because the Court concludes that amendment would be ineffective to cure the defect with respect to Plaintiff's retaliation claim, such claim will be dismissed with prejudice. Plaintiff's breach of contract and unjust enrichment claims, however, will be dismissed without prejudice to Plaintiff's opportunity to file an Amended Complaint within 30 days of entry of the accompanying Order setting forth a challenge to the State's computation of his compensatory time as a matter of breach of contract and/or unjust enrichment.  An accompanying Order will be entered.

| | |
|---|---|
| **September 30, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

Jersey law, nor have the parties addressed the elements of an employee's claim for unjust enrichment in connection with services provided but not compensated.  Any Amended Complaint purporting to assert such a claim will first require due attention to the bases of law so as to avoid a second round of dismissal motion practice under Rule 12(b)(6), and to comply with the pleading allegations that Rule 11(b) places on counsel subscribing the Amended Complaint.  Since the sufficiency of the contract and unjust enrichment claims were not the basis of this motion, the Court will not address the subject herein.