IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN HAILEY,<br><br>                Plaintiff,<br><br>      v.<br><br>CITY OF CAMDEN,<br><br>                Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-1018 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Thomas Bruno, II, Esq.
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street, 12th Floor
Philadelphia, PA 19107
      Attorney for Plaintiff

John C. Eastlack, Jr., Esq.
Wesley L. Fenza, Esq.
WEIR & PARTNERS LLP
The Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, NJ 08002
      Attorney for Defendant

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

This matter comes before the Court on Defendant City of

Camden's (hereinafter, "Defendant") motion to dismiss Plaintiff

Kevin Hailey's (hereinafter, "Plaintiff") Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).  [See

Docket Item 21.]

On September 30, 2014, the Court addressed the viability of the breach of contract and unjust enrichment claims asserted by Plaintiff in his initial Complaint, and considered, in particular, whether Plaintiff's initial Complaint contravened the Settlement Agreement and Release executed by the parties on November 4, 2009 (hereinafter, the "settlement agreement" or "agreement"). See Hailey v. City of Camden, No. 14-1018, 2014 WL 4854527 (D.N.J. Sept. 30, 2014). As relevant here, the Court noted that the Settlement Agreement preserved Plaintiff's ability to challenge the State of New Jersey's calculation of an "'appropriate retirement benefit'" and/or to "'claim[] entitlement to a[] different calculation of accrued sick, vacation, personal or other compensatory/other accrued time'" (hereinafter, the "calculation exception"). Id. at *7 (citation omitted). Because the claims of the initial Complaint, however, failed to challenge "any specific benefit calculation" or to "state an entitlement to any divergent calculation method," the Court found that the claims compelled "only the conclusion" that Plaintiff sought relief "extinguished by the parties' settlement agreement." Id. Nevertheless, because it remained conceivable that Plaintiff could assert plausible claims under the calculation exception, the Court dismissed Plaintiff's Complaint without prejudice, and with leave to file an Amended Complaint consistent with the Court's decision. Id. at *8.

2

In his two-count Amended Complaint, Plaintiff, formerly a Deputy Chief in Camden's Fire Department, again asserts claims for breach of contract and unjust enrichment as a result of Defendant's "miscalculation" of Plaintiff's accrued sick, vacation, personal, or other compensatory/accrued time.  (See Am. Compl.)  Defendant, however, argues that Plaintiff's claims, as amended, still fall squarely within the category of claims released by the settlement agreement, and must be dismissed. (See generally Def.'s Br; Def.'s Reply.)

The principal issue before the Court is whether Plaintiff's Amended Complaint states viable claims under the calculation exception of the settlement agreement.

For the reasons explained below, Defendant's motion to dismiss will be denied.

## II.  BACKGROUND

### A. Factual and Procedural Background[1]

For purposes of the pending motion, the Court need not retrace every facet of the parties' lengthy history.[2]

---

[1] The facts set forth below are those alleged in Plaintiff's Amended Complaint and/or contained within the public record, all of which the Court accepts as true for purposes of the pending motion.

[2] For a more detailed discussion of the background of this action, and the underlying events and circumstances leading up to the execution of the settlement agreement in 2009, the Court refers interested readers to its prior opinion, see Hailey, 2014 WL 4854527, at *6-9.

Rather, the Court notes that, from April 2002 up until his retirement in June 2010, Defendant employed Plaintiff as Deputy Fire Chief.  (See Am. Compl. at ¶ 5.)  On November 1, 2000, then-acting Fire Chief Joseph A. Martini issued a memo requiring that the deputy chiefs share an annual duty schedule for management coverage after normal business hours, including nights, weekends, and holidays (hereinafter, "duty coverage"). (Id. at ¶ 8.)  The duty coverage policy provided that, in exchange for this annual service, chiefs and deputy chiefs would be entitled to 20 days, or 160 hours, of comp time.  (Id. at ¶ 9.)

In reliance upon the duty coverage policy, Plaintiff "received yearly timesheets and audited time memos," that reflected "an accrual of 20 days of comp time per year." (Id. at ¶¶ 13-14.)  In March 2009, however, Defendant "unilaterally rescinded" the duty coverage policy.  (Id. at ¶ 17.)  Despite this rescission, Plaintiff nevertheless alleges that he continued to provide duty coverage through June 2010, and asserts that he continued to accrue comp time. (Id. at ¶ 18.)

In resolution of eight years of litigation concerning Plaintiff's claim of discriminatory treatment in relation to promotions and comp time, among other claims, the parties

executed a settlement agreement on October 29, 2009.[3]  (See Ex. D
to Def.'s Br.)  In connection with the settlement agreement, the
City of Camden agreed to pay Plaintiff, in addition to one other
individual, the aggregate sum of $1,150,000 in full satisfaction
of all claims.  (Id.)  Plaintiff, in turn, broadly released
Defendant "from any and all rights or claims" arising out of his
employment with the City of Camden.  (Id.)  Notwithstanding the
breadth of the release, the agreement noted an unresolved issue
with respect to the State of New Jersey's calculation of
Plaintiff's retirement benefits and therefore preserved any
"challenge" to the calculation "of accrued sick, vacation,
personal or compensatory/other accrued time." (Id.)

     Plaintiff's present claims purport to rely upon this
exception, and his Amended Complaint, inclusive of its Exhibits,
asserts that Defendant's benefits calculation suffers from
several defects.  Plaintiff specifically alleges that his
"retirement package" entitled him to receive payment
(independent from the settlement agreement) in the form of "1.1%
severance pay," in addition to compensation for any outstanding
accrued sick, vacation, and compensatory time.  (Am. Compl. at
¶¶ 19-28.)  In calculating the amount of this "package,"

---

[3] For the reasons discussed in the Court's prior Opinion, the
Court finds the Settlement Agreement appropriately considered as
a matter of public record in connection with the pending motion.
See Hailey, 2014 WL 4854527, at *4.

Plaintiff asserts that his vacation and sick time balance should have been zero. (See generally id.) Plaintiff, however, alleges that Defendant "intentionally miscalculated" his severance package by deducting 113.5 comp time days and deeming "this deducted comp time excess vacation time." (Id. at ¶ 22.) Defendant's calculation, in turn, reported a negative balance of 113.5 vacation days, and an overpayment to Plaintiff of $44,964.82. (See Ex. A to Am. Compl.) Plaintiff further alleges that Defendant "[i]ncorrectly calculated" his daily pay rate based upon "8 hr days" for the entire period of his employment, rather than for "21 yrs of 12 hr shifts" and "7 yrs of 8 hr shifts."[4] (Ex. D to Am. Compl.)

Based upon these alleged errors, Plaintiff submits that he should have received a payment of $131,839.03, consisting of "1.1% severance pay (for 14.75 years totaling $24,410.28),[5] 9 forced sick days at $727.30 per day, totaling $6,545.70; 1 sick day at half the daily rate of $727.30, totaling $363.654; [and] $450 worth of college credits" (id. at ¶ 26), and alleges that Defendant's "miscalculation" amounts to a breach of the "2000 [overtime] memo" and Plaintiff's "employment contract," and to a

---

[4] Plaintiff began his employment with the City of Camden in 1982. (See Ex. A to Am. Compl.)
[5] As explained below, the parties do not put forth different positions concerning the amount of severance pay.

6

breach of some quasi-contract in the nature of unjust
enrichment.  (Id. at ¶¶ 28-35.)

On September 30, 2014, the Court, as stated above,
dismissed Plaintiff's Complaint without prejudice to his
opportunity to file an Amended Complaint setting forth a
challenge to the calculation of his retirement benefits as a
matter of breach of contract and/or unjust enrichment, but with
specific instructions concerning the substance of any such
challenges.  See Hailey, 2014 WL 4854527, at *7-*8.  As relevant
here, because Plaintiff's initial Complaint "mount[ed] no
challenge to any specific benefit calculation, nor state[d] an
entitlement to any divergent calculation method," the Court
directed that any Amended Complaint specify the elements of the
challenged calculation and provide "due attention to the bases
of law" for any renewed contract and/or unjust enrichment
claims.[6]  Id. at *7 & n.6.

**B. Parties' Arguments**

Defendant moves for the dismissal of Plaintiff's Amended
Complaint on two grounds.  First, Defendant asserts that
Plaintiff's claims fall outside the scope of the calculation

---

[6] The Court further stated that the Amended Complaint, if any,
should include "the essential elements" of the challenged
calculation, how the calculation breaches a cognizable contract
or quasi contract, and the basis for Plaintiff's damages claim
for his alleged accrued sick, vacation, personal or compensatory
time."  See Hailey, 2014 WL 4854527, at *7.

exception, and must be dismissed as res judicata under the terms of the settlement agreement.  (See Def.'s Br. at 4-9.)  In the alternative, Defendant submits that Plaintiff's Amended Complaint offers little more than conclusory allegations concerning his entitlement to a different calculation of retirement benefits, and argues that his Amended Complaint, when stripped of these inadequate allegations, fails to meet the amount-in-controversy requirement for purposes of diversity jurisdiction. (See Def.'s Br. at 8; see also Def.'s Reply at 4.)

Plaintiff gives little attention to many of these issues. Rather, he simply submits that the claims fall within the "calculation exception," because the claims concern his entitlement to an "appropriate retirement benefit," and because they specifically "challenge [the] calculation or claimed entitlement to any different calculation of accrued sick, vacation, personal or compensatory/other accrued time."  (Pl.'s Opp'n at 15.)

## III. STANDARD OF REVIEW

The affirmative defense of res judicata may be raised in connection with a Rule 12(b)(6) motion to dismiss.[7]  Hailey, 2014 WL 4854527, at *9 (citing Rycoline Prod. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997)).

_____

[7] The Courts prior Opinion sets forth a more detailed discussion concerning the application of res judicata to settlement agreements.  See Hailey, 2014 WL 4854527, at *5.

In considering a motion to dismiss, the court must generally accept as true the factual allegations in the complaint, and construe all "reasonable inferences" in the light most favorable to the plaintiff.  Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 134 (3d Cir. 2010).  In order to survive dismissal, the complaint must demonstrate a "plausible" right to relief, by pleading factual content sufficient for the Court "to draw the reasonable inference" of the defendant's liability for the alleged misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Umland v. PLANCO Fin. Serv., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  In other words, the Court must review the "well-pled factual allegations, assume their veracity, and then determine whether" the allegations demonstrate a plausible "entitlement to relief."  Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

IV.  DISCUSSION

 A. Plaintiff's Amended Complaint alleges plausible Claims under the Calculation Exception

The viability of Plaintiff's Amended Complaint turns upon whether the allegations, as amended, fall within the ambit of the calculation exception.[8]  The Court therefore begins, as it

---

[8] As with the briefing on Defendant's initial motion to dismiss, neither party has briefed the elements of a claim for breach of contract in the public employee context under New Jersey law,

must, with the language of the calculation exception itself,

which specifically provides:

> [Plaintiff is] entitled to an appropriate retirement
> benefit upon [his] retirement to be determined by the
> Division of Pensions, and [he] shall be entitled to
> any accrued, sick, vacation, personal, or other
> accrued time as properly audited by the State of New
> Jersey that may exist through to the individual
> retirement dates of the Plaintiffs.  It is understood
> that [] Plaintiff[] disagree[s] with the audited time
> as calculated by the State for the City of Camden and
> [that he] may challenge that calculation or claimed
> entitlement to a different calculation of accrued
> sick, vacation, personal, or compensatory/other
> accrued time.

(Ex. D to Def.'s Br.)

In connection with the pending motion, the parties take

diametrically opposed positions concerning the scope, meaning,

and effect of the calculation exception.

Plaintiff, for his part, would interpret the clause

broadly, "in light of the parties understanding at the time of

settlement that an unresolved dispute existed, and included both

the calculation of, and the entitlement to, sick, vacation, and

comp time." (Pl.'s Opp'n at 11.)  Defendant, however, asserts

that the calculation exception narrowly permits only a challenge

to the "arithmetic" of the State's calculation. (Def.'s Reply

at 3.)  Indeed, Defendant argues that the calculation exception

provides only the opportunity to "double check the city's math"

---

nor have the parties addressed the elements of an employee's
claim for unjust enrichment.  Therefore, the Court need not
specifically address whether these claims state the necessary
elements.

on "accrued time." (Id.)  Therefore, because Plaintiff's
allegations extend beyond the State's audit (and indeed do not
reference the audit), Defendant submits that Plaintiff's
allegations amount to a backdoor challenge to the legality of
the city's revocation of the duty coverage policy, a claim
plainly extinguished by the settlement agreement. (Id. The
Court, however, finds Defendant's position without merit.

Critically, in interpreting a provision of a contract, as
here, the document "must be read as a whole, without artificial
emphasis on one section, with a consequent disregard for
others." Borough of Princeton v. Bd. of Chosen Freeholders of
Cnty. of Mercer, 755 A.2d 637, 645 (N.J. Super. Ct. App. Div.
2000).  In other words, "[l]iteralism must give way to context."
Cumberland Cnty. Improvement Auth. v. GSP Recycling Co., Inc.,
818 A.2d 431, 497 (N.J. Super. Ct. App. Div. 2003) (citations
omitted).  Therefore, courts may not read provisions in
isolation and must instead be guided by context.  See generally
id.

Here, the calculation exception is far from a model of
clarity.  Nor, for that matter, has the application of the
exception been carefully articulated in the Amended Complaint.
Nevertheless, Defendant's narrowed interpretation finds little
support in its limited language.  Indeed, the calculation
exception includes, on its face, Plaintiff's right to challenge

11

his "audited time as calculated by the State for the City of Camden" and/or to claim "entitlement to a different calculation of accrued sick, vacation, personal, or compensatory/other accrued time."  (Ex. D to Def.'s Br. (emphases added).)  In that respect, the exception plainly envisions a challenge to far more than the State's "arithmetic."  (Def.'s Reply at 3.)  Rather, the exception empowers Plaintiff to present his "entitlement" to a benefits calculation distinct from that computed by the State, and therefore preserves a substantial dispute regarding Plaintiff's retirement benefits.  Defendant's interpretation would read the "entitlement" clause out of the agreement; instead, each provision of the parties' agreement must be given its due meaning.  For that reason, the Court rejects Defendant's position that the calculation exception allows Plaintiff to do little more than "double-check the City's math."  (Def.'s Reply at 3.)

     Nor can the Court find that Plaintiff's Amended Complaint amounts, in essence, to an end-run attack on the lawfulness of Defendant's March 2009 decision "to retroactively cancel the grant of comp time," the basis upon which the Court dismissed Plaintiff's initial Complaint.  (Def.'s Reply at 3.)

     Critically, in resolving Defendant's first motion to dismiss, the Court specifically concluded that Plaintiff may be able to assert viable claims under the calculation exception, if

12

the Amended Complaint included "the essential elements" of the challenged calculation, how the calculation breaches a cognizable contract or quasi contract, and the basis for Plaintiff's damages claim for his alleged accrued sick, vacation, personal or compensatory time."  See Hailey, 2014 WL 4854527, at *7.

Here, Plaintiff's Amended Complaint, accepted as true, contains these essential ingredients.  Indeed, in filing the Amended Complaint, Plaintiff critically supplemented his pleading by providing the basis for his position that Defendant miscalculated his retirement benefit. Plaintiff now specifically alleges that, in calculating his retirement benefit, Defendant "incorrectly docked" him by "113.5 vacation days [in order] to offset the comp time Defendants had already paid the Plaintiff," and mislabeled this comp time as "excess vacation time." (Am. Compl. at ¶¶ 7-8, 21-24.)  As a result, Plaintiff submits that Defendant's calculation inappropriately amounted to a "negative balance." (Id. at ¶ 21.)  Plaintiff then explains the basis for his claimed entitlement to a different calculation, and provides a detailed breakdown of his own benefit calculation, together with supporting documentation. (See id. at ¶¶ 6, 29-35; see also Exs. C & D to Am. Compl.)

In connection with his claimed calculation, Plaintiff's Amended Complaint therefore makes plain that he only relies upon

13

Defendant's duty coverage policy decision, to the extent the
decision constituted a factor potentially taken into account—and
applied retroactively—at the time of his retirement benefit
calculation in 2010 (long after the policy decision and the
parties' settlement).[9]

For these reasons, the Court finds Plaintiff's allegations,
accepted as true, sufficient to state viable claims under the
calculation exception.  The Court therefore turns to Defendant's
alternative position concerning the Court's subject matter
jurisdiction.

**B. The Court possesses Diversity Jurisdiction over
     Plaintiff's Amended Complaint**

Defendant alternatively argues that Plaintiff's Amended
Complaint fails to state a claim for miscalculated severance
pay, sick time, and/or college credits, because he purportedly
provides only "legal conclusions," and fails to articulate any
facts regarding why Defendant's calculations in these respects

---

[9] The Court acknowledges that much of the confusion derives from
the inclusion in Plaintiff's Amended Complaint of some
extraneous details concerning the duty coverage policy, among
other background information.  (See generally Am. Compl. at ¶¶
8-18.)  Nevertheless, Plaintiff's Amended Complaint, as a whole,
fairly reflects Plaintiff's position concerning the proper
benefits calculation, meritorious or otherwise, and Plaintiff's
introductory allegations do not transform Plaintiff's Amended
Complaint, overall, to a challenge to the legality of
Defendant's decisions in relation to the duty coverage policy.

proved inadequate.[10]  (Def.'s Br. at 10; see also Def.'s Reply at 4.)

Critically, although the body of Plaintiff's Amended Complaint fails, on its face, to state the basis for Plaintiff's position on the inaccuracy of Defendant's calculation of sick time and/or college credits (and instead summarizes the calculation at paragraph 26), Exhibit D to Plaintiff's Amended Complaint plainly discloses Plaintiff's theory.  Indeed, in bold lettering at the top of the Exhibit, Plaintiff alleges that Defendant "[i]ncorrectly calculated" his daily based upon "8 hr days" for the entire period of his employment, rather than for "21 yrs of 12 hr shifts" and "7 yrs of 8 hr shifts." (Ex. D to Am. Compl.)  This allegation, in turn, provides ample notice of the basis for Plaintiff's claimed entitlement to a sick time and college credit rate greater than that calculated by Defendant.[11]

With respect to severance pay, there is no dispute concerning Plaintiff's entitlement to a severance pay calculation in the amount of $24,410.28.  (Compare Am. Compl. at

---

[10] The calculation exception only contemplates, as stated above, a continued challenge to the calculation of "sick, vacation, personal, compensatory/other accrued time," and does not expressly include "college credits."  (Ex. A to Def.'s Br.) Although such credits could plausibly fall within the calculation of "personal" or "compensatory/other accrued time," the Court need not reach this issue, because Defendant has not challenged Plaintiff's request on that basis.

[11] In connection with the pending motion, the Court addresses only plausibility, not whether the allegations will ultimately prove meritorious.

¶ 26, <u>with</u> Ex. A to Am. Compl. (setting forth Defendant's calculation of severance pay).)  Rather, severance pay only arises in this litigation to the extent that such payment fell within <u>Defendant's</u> overall calculation of Plaintiff's retirement benefit.  (<u>See</u> Ex. A to Am. Compl.)  Consequently, although the claim for severance pay is not expressly permitted under the exception, it is fairly included as a component of the claims.

For all of these reasons, the Court finds that Plaintiff's Amended Complaint states plausible claims for miscalculated sick time, college credits, and severance pay.[12]

**V.    CONCLUSION**

For all of these reasons, Defendant's motion to dismiss will be denied.  Defendant shall answer the Amended Complaint within fourteen (14) days of the entry of the accompanying Order.

<u>**July 16, 2015**</u>                              <u>**s/ Jerome B. Simandle**</u>
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge

---

[12] As a result, the Court need not reach Defendant's position that Plaintiff's allegations fail to satisfy the $75,000 amount-in-controversy requirement for purposes of diversity jurisdiction, because Plaintiff's allegations, accepted as true, easily exceed the controversy requirement of 28 U.S.C. § 1332(a).